# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**VAL W. CHRISTIANSON,**

    Plaintiff,

vs.                                               CIV. No. 03-395 JC/LFG

**GALE A. NORTON, Secretary,**
**Department of the Interior,**

    **DEFENDANT.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant's Motion to Dismiss or in the Alternative for Summary Judgment,* filed October 23, 2003 (*Doc. 12*), and on Defendant's *Motion for Summary Judgment as to Counts I and IV*, filed April 22, 2004 (*Doc. 39*). Having reviewed the motions, memoranda and all relevant authority, the Court finds Defendant's Motion to Dismiss (*Doc. 12*) well-taken, and it is, therefore, granted. Due to the Court's ruling, the Court further finds Defendant's Motion for Summary Judgment (*Doc.39)* moot, and it is, therefore, denied.

## I.    Background

In 1999, Plaintiff Val W. Christianson, an instructor with the Southwest Indian Polytechnic Institute ("SIPI"), filed a grievance with the Merit System Protections Board ("MSPB").[1] The petition grieved of the termination of his employment, the placement of Plaintiff on non-pay, non-duty status furlough for periods exceeding two weeks, and complained of the working conditions at SIPI.

---

[1] Evidence indicates that Plaintiff actually filed two MSPB petitions within a short period. Due to each side's failure to differentiate and discuss both petitions, the Court will assume that the EEO and the EEOC treated both petitions as one.

The MSPB complaint, however, did not allege that he was discriminated against based on his race, color, religion, sex, or national origin. It should be noted that Plaintiff is a white male.

Plaintiff's Complaint in this Court states that as a result of his petition to the MSPB, SIPI reinstated him as an instructor at the institute in 2000. Yet, upon reinstatement Plaintiff claims that he was subjected to various forms of retaliation for filing the MSPB petition. These retaliatory actions include not receiving certain requested funding or teaching positions, placement on furlough status during summer 2000, and having an inoperative computer, which the school did not fix.

In January 2002, Plaintiff filed an EEO complaint with the Department of the Interior, raising only the issue of retaliation for the previous MSPB petition. Plaintiff does not provide evidence that the EEO complaint involves any claim for discrimination based on race, color, religion, sex, or national origin. The EEO dismissed Plaintiff's complaint, and upon Plaintiff's filing of the same complaint with the EEOC, the commission also found no grounds on which to find for Plaintiff. Specifically, the EEOC stated that Plaintiff provided no evidence of "opposing any practice made unlawful by Title VII, the ADEA or the Rehabilitation Act, or for participating in any stage of administrative or judicial proceedings under those statutes."

Plaintiff's Amended Complaint in this Court reasserts his contention that he engaged in prior protected activity in filing his claim with the MSPB. The two counts presently before the Court include: Count I: Unlawful Retaliation in Violation of Title VII; and Count IV: Constructive Discharge. The parties have stipulated to the dismissal of Counts II, III and V. (*Doc. 11*).

## II.   Standard of Review

This motion was brought pursuant to Federal Rule of Evidence 12(b)(6) or in the alternative Federal Rule of Civil Procedure 56(c). When considering a motion to dismiss, the Court must accept

all well-pled factual allegations in the light most favorable to Plaintiff. *Jojola v. Chavez*, 55 F. 3d 488, 490 (10th Cir. 1995). Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Bauchman v. West High Sch.*, 132 F. 3d 542, 550 (10th Cir. 1997)(citing *Ramirez v. Oklahoma Dept. of Mental Health*, 41 F. 3d 584, 586 (10th Cir. 1994)).

Summary judgment, on the other hand, is appropriate only if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R. Civ. P. 56(c). Federal Rules of Procedure state that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U. S. 317, 321-323 (1986). Once the movant meets its burden, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but... must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). In reviewing a summary judgment motion, the evidence must be viewed in the light most favorable to the nonmoving party. *Frandsen v. Westinghouse Corp.*, 46 F. 3d 975, 977 (10th Cir. 1995). If matters outside of the pleadings are to be considered by the Court in ruling upon a motion to dismiss, the motion is converted to one under Fed. R. Civ. P.56. Indeed, Rule 12(b) provides in part:

> If . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b)(6). In light of the Court's consideration of evidence presented outside of the pleadings, the Court will treat this motion as a motion for summary judgment.

**III.    Discussion**

   a.    *Count I: Retaliation in Violation of Title VII*

Plaintiff asserts that Defendant, through the actions of Plaintiff's supervisors at SIPI, retaliated against him in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e. The Court considers this retaliation claim under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-03 (1973). Under that framework, Plaintiff must first establish a prima facie case by showing "that: (1) [he] engaged in protected opposition to discrimination; (2) [he] suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *Wells v. Colorado Dept. of Transp.*, 325 F.3d 1205, 1212 (10th Cir. 2003) (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1252 (10th Cir. 2001)). Once the plaintiff makes a prima facie showing, the employer must articulate a legitimate, nondiscriminatory reason for the adverse employment action. The plaintiff must then respond by demonstrating that the employer's asserted reasons for the adverse action are pretextual. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004) (quoting *O'Neal*, 237 F.3d at 1252). In the present case, Plaintiff's claim fails at the prima facie stage, as he is unable to establish that he engaged in protected opposition to discrimination.

Plaintiff's Amended Complaint alleges that due to his filing of the grievance with the MSPB his supervisors began a series of retaliatory acts against him. *Amended Complaint for Declaratory and Injunctive Relief and for Damages*, filed Aug. 12, 2003, at 2 (*Doc. 6*). Plaintiff claims that the filing of the MSPB complaint is prior protected activity under Title VII. This claim, however, is inaccurate, as the protections of Title VII do not encompass the filing of such a complaint unless the complaint includes allegations of discriminatory conduct. Title VII states:

> It shall be an unlawful employment practice for an employer--
> > to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

>terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin....

42 U.S.C.§2000e-2. Clearly, Title VII only provides a safe haven for individuals who have been discriminated against due to their race, color, religion, sex, or national origin. Plaintiff's claim clearly falls outside Title VII's rubric, as he merely asserts that the filing of his MSPB petition is protected activity upon which a claim of retaliation is proper.

In Plaintiff's Response, he includes two MSPB petitions as exhibits.[2] Plaintiff's October 7, 1999 MSPB complaint leaves the section regarding discrimination blank; while in his October 18, 1999 MSPB complaint Plaintiff explicitly placed a "N/A" marking in the section. These exhibits indicate that he never intended Title VII's defined discriminations to be factors in his MSPB petition, the petition of which allegedly resulted in retaliation by Defendant.

Moreover, Title VII expressly allows for protection from retaliation only if an employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §2000e-3(a). As discussed previously, an unlawful employment practice is discriminatory conduct by an employer based on race, color, religion, sex, or national origin. Title VII clearly does not encompass Plaintiff's claim of retaliation, as his MSPB petitions do not assert that he opposed any such unlawful employment practices, nor do they assert that he "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Id.*

---

[2] It is unclear from the briefing why Plaintiff filed two complaints with the MSPB. It is also unclear to which petition Plaintiff attached the letter. Although the Court will discuss both petitions, the Court will assume that the EEO and the EEOC treated them as one.

In order for this Court to have subject matter jurisdiction over Plaintiff's Complaint, the Complaint must assert that Plaintiff's MSPB petition included allegations alleging what is termed a "mixed case." *Ferrell v. Herman*, 2001 WL 1681146, at *3 (S.D. Ohio Aug. 2, 2001) (citing *Ballard v. Tennessee Valley Authority*, 768 F.2d 756, 762 (6th Cir. 1985)); *O'Shell v. United States*, 175 F.3d 1020, *1 (7th Cir. 1999) (unpublished disposition). If the MSPB petition is void of any allegation of discrimination pursuant to a personnel action, a request for review of a MSPB petition is filed in the Court of Appeals for the Federal Circuit. *Ferrell*, 2001 WL 1681146, at *3. As defined, a mixed case is "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination."[3] *Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999); (citing *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir.1995)). "When the discrimination is alleged as a violation of Title VII, the federal employee must negotiate and exhaust the complex administrative regime that governs Title VII public employment cases in addition to the usual procedures for challenging an adverse personnel action under the [Civil Service Reform Act]." *Butler*, 164 F.3d at 638 (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 832-33 (1976). Both the MSPB and EEOC regulations that provide for the litigation of mixed cases are extremely complicated.[4] *Id.*

In the present context, the Court cannot construe either of Plaintiff's MSPB petitions as a mixed case, as he fails to demonstrate that the petitions included any claim of discrimination. As discussed above, Plaintiff's two petitions to the MSPB do not contain any allegation of

---

[3] Pursuant to the Code of Federal Regulations, a mixed case is defined as "an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.302(a)(2)(1998).

[4] As an initial matter, a complainant may file either an EEO complaint with his federal agency, or he may directly file a MSPB appeal. 29 C.F.R. § 1614,302(b).

discrimination. The Court, therefore, finds that it does not have subject matter jurisdiction over this action.

Plaintiff attempts to circumvent the Court's ultimate conclusion by providing a letter that he attached to one of his MSPB petitions. He claims that the letter is sufficient evidence that his MSPB claims encompassed race and age discrimination. Buried within the lengthy letter to the Assistant Secretary for Indian Affairs, Plaintiff makes what is nothing more than an outraged comment regarding his treatment. Specifically, he states, "[i]t seems that being a middle-aged male of "other" ethnic origin, not having French as a second language and not having a Ph.D. in Military Security or World Economics, just about locks me out of everything I have put in for!" Pl's Ex.___, at 4. Such a fire breathing statement buried within a five page letter is not sufficient to be an actionable claim of discrimination, as it cannot be deemed a specific complaint about age or race discrimination. *Barber v. CSX Distribution Servs.,* 68 F.3d 694, 701 (3d Cir. 1995) (letter to employer concerning unfair treatment was not a complaint opposing a practice made unlawful by the ADEA, nor was it a charge against defendants, as it did not include any specific allegations of discrimination); *but see O'Neal v. Ferguson Const. Co.,* 237 F.3d 1248 (10th Cir. 2001) (employee engaged in protected activity when his attorney sent letter to employer expressing dissatisfaction with employee's new position and specifically characterizing the new assignment as retaliation for filing discrimination and retaliation claims).

Furthermore, case law conclusively holds that an issue that is not raised in an EEOC or other complaint cannot be raised for the first time in the district court. *Shinwari v. Raytheon Aircraft Co.,* 215 F.3d 1337 (unpublished disposition) (10th Cir. 2000), *overruled on other grounds by Crumpacker v. Kan. Dept. of Human Res.,* 338 F.3d 1163 (10th Cir. 2003) ("We decline, however,

to extend Title VII and ADEA participation clauses to include generalized and cursory complaints, unsupported by specific factual allegations, to an employer, when those cursory complaints are neither related to, nor would reasonably lead to a proceeding provided by statute."); *Robbins v. Jefferson County Sch. Dist. R-1*, 186 F.3d 1253, 1258 (10th Cir. 1999), *overruled on other grounds by National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (retaliation claim not viable for participating in an arbitration hearing when no documentation evidenced discrimination); *Brower v. Runyon*, 178 F.3d 1002, 1005-06 (8th Cir. 1999) (vague mention to employer regarding possible suit is insufficient absent express allegations of discrimination).

In *Jones v. Runyon*, 91 F.3d 1398 (10th Cir. 1996), plaintiff filed a complaint with the EEOC claiming that she had not received a promotion due to a sexual relationship between her boss and the co-worker who did receive the promotion. The EEOC determined that a statement in an affidavit regarding a remark by the supervisor that plaintiff interpreted to be a sexual advance was not part of the original complaint, and thus the complaint did not include any actionable claims under Title VII. Plaintiff then raised in the district court an allegation of sexual harassment and the existence of a hostile work environment. The district court held, and the Tenth Circuit affirmed, that because the issues had not been raised in the EEOC complaint, plaintiff had not exhausted her administrative remedies. "[Plaintiff] specifically stated to the EEOC that she was not claiming she was personally subjected to sexual harassment. She, therefore, explicitly abandoned that issue, and, thus, failed to exhaust it before the EEOC." *Id.* at 1401.

As in *Jones,* Plaintiff did not allege any discrimination based on race or age in any prior complaint. Plaintiff did not even raise such an allegation in his Complaint before this Court. It was not until his Response that Plaintiff made the claim. In accordance with prior precedent, this Court

finds that Plaintiff has failed to allege that he engaged in protected opposition to discrimination.

   **b.**   *Count IV: Constructive Discharge*

  Plaintiff's constructive discharge claim also fails. Although Plaintiff attempts to deem the claim as a separate claim that does not require administrative exhaustion, this theory based on the continuing violation doctrine was expressly rejected by the Supreme Court in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). In *Morgan*, the Court held that exhaustion is required for each claim. Specifically, the Court explained that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' *Id.* at 536. The Tenth Circuit has recognized the Supreme Court's pronouncement and has clearly indicated that the discrete acts must be independently discriminatory and charges addressing those acts must themselves be timely filed. *Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir.2003); *Davidson v. Am. Online, Inc.,* 337 F.3d 1179, 1184 (10th Cir. 2003). Plaintiff has not presented any evidence that he exhausted his administrative remedies concerning his constructive discharge claim. The Court, therefore, finds that it does not have subject matter jurisdiction over Count IV.

**IV.** **Conclusion**

  Due to Plaintiff's failure to make any successful allegation that he engaged in protected opposition to discrimination or that he participated in any form of an investigation concerning discriminatory conduct by his employer, Plaintiff failed to meet the first prong for a retaliation claim. Moreover, due to Plaintiff's failure to demonstrate that he exhausted his administrative remedies regarding his constructive discharge claim, the Court finds that this claim, too, fails. The Court,

therefore, finds good cause to grant Defendant's motion granting summary judgment on Plaintiff's Counts I and IV.

Wherefore,

IT IS ORDERED that *Defendant's Motion to Dismiss or in the Alternative for Summary Judgment,* filed October 23, 2003 (*Doc. 12*), is GRANTED in FULL;

IT IS FURTHER ORDERED that Defendant's *Motion for Summary Judgment as to Counts I and IV*, filed April 22, 2004 (*Doc. 39*) is DENIED as MOOT.

DATED June 4, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    Jeffery A. Dahl, Esq.
    Albuquerque, New Mexico

Attorney for Defendant:

    John Zavitz, AUSA
    Albuquerque, New Mexico